# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY D. LINCOLN and
BRAD C. MOSBRUCKER,

      Plaintiffs,

v.

      Case No. 15-4936-DDC-ADM

BNSF RAILWAY COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on remand from the Tenth Circuit after the Circuit held that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, at 1186 (10th Cir. 2018) (also available as Doc. 98 on CM/ECF record of this case). On December 6, 2018, the court conducted a telephone status conference with the parties. The court directed the parties to file briefs addressing this question: "Should the court relieve defendant of the parties' stipulation about plaintiffs' exhaustion of administrative remedies, as stated in Doc. 13?" Doc. 103.

Defendant filed a Motion for Relief from Stipulation on Exhaustion of Administrative Remedies (Doc. 104). Plaintiffs oppose defendant's motion (Doc. 107). Defendant has replied (Doc. 112) and defendant also filed a Notice of Supplemental Authority (Doc. 113). For reasons discussed below, the court grants defendant's motion.

### I. Factual and Procedural Background

Plaintiffs Larry D. Lincoln and Brad C. Mosbrucker are former employees of defendant BNSF Railway Company ("BNSF"). After a BNSF tank car sprung a leak near where plaintiffs were working in 2007, they sustained injuries that required medical leave and accommodations. Plaintiffs returned to work and applied for several positions with defendant that did not require significant outdoor exposure. Defendant did not hire either plaintiff for a new position. Later, plaintiffs brought employment discrimination and retaliation claims against defendant. Specifically, plaintiffs raised four claims: "(1) discrimination under the Americans with Disabilities Act ("ADA"); (2) failure to accommodate under the ADA; (3) retaliation under the ADA; and (4) retaliation under the Federal Railroad Safety Act ("FRSA")." *Lincoln*, 900 F.3d at 1176.

In November 2016, defendant moved for summary judgment against both plaintiffs on all claims they had asserted. The court sustained the motion and entered judgment for defendants on all claims. Doc. 86. Relevant here, the court found plaintiffs had failed to exhaust their administrative remedies for certain claims. *Id.* at 20, 22. And so, following then-existing case law, the court held that it lacked jurisdiction over those claims. *Id.* Plaintiffs then appealed the court's summary judgment order. Doc. 90.

The Tenth Circuit affirmed some of the decisions in the summary judgment order but reversed some 40 years of precedent and held that exhausting administrative remedies is not a jurisdictional prerequisite to suit in federal court. *Lincoln*, 900 F.3d at 1186. Instead, the Circuit established a new rule. This new rule holds that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative

defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Id.*

The new rule adopted on appeal complicated the analysis governing this case. The complication originates in a stipulation made by the parties early during proceedings before this court. Specifically, at the motion to dismiss stage, the two plaintiffs and defendant stipulated that "[p]laintiffs Lincoln and Mosbrucker have exhausted their administrative remedies for employment actions occurring on or after April 16, 2012." Doc. 13 ¶ 13. Recognizing the complication, the Circuit remanded the case and instructed this court to "consider what force to give the stipulation and conduct further summary judgment proceedings consistent with this opinion."[1] *Lincoln*, 900 F.3d at 1214.

The Circuit's precedential shift now requires the court to decide a vexing issue. Before the Circuit's decision adopting the new rule, the court could not consider whether the stipulation foreclosed defendant's failure to exhaust defense for positions plaintiffs applied for on or after April 16, 2012. Under precedent now outdated, failing to exhaust served as an un-waivable jurisdictional bar. But now, the Circuit has held that exhaustion doesn't present a jurisdictional bar issue. And, the Circuit held, the stipulation in this case is "best read as a waiver by [defendant] of its exhaustion defense for all employment actions occurring on or after April 16, 2012." *Lincoln*, 900 F.3d at 1187. The Circuit thus concluded that the stipulation is

---

[1] Also, the Circuit remanded the following issues: "(1) Appellants' ADA discrimination claims relative to the Boilermaker position to which they applied on March 28, 2013; (2) Mr. Lincoln's ADA failure to accommodate claim relative to the Carman-Railcar Repair position to which he applied on November 1, 2012, and the Boilermaker position to which he applied on March 28, 2013; and (3) Mr. Mosbrucker's failure to accommodate claim relative to the Boilermaker position to which he applied on March 28, 2013." *Lincoln*, 900 F.3d at 1214. The court also vacated this court's conclusion in Section III(A)(1)(b) of its previous order, which held that Mr. Mosbrucker's second EEOC charge did not relate back to the date of his first EEOC charge so that this court "if necessary, may consider additional arguments on the issue." *Id.* In its Post-Remand Scheduling Order No. 1, the court first ordered briefing on the stipulation issue. Doc. 103 at 2. This order defers the remaining issues for future proceedings.

3

unambiguous and—if enforced—would mean that defendant has waived its exhaustion defense for some claims. *Id.* at 1187–88.

But, the Circuit also concluded that this court, on remand, should consider and decide whether to enforce the stipulation. *Id.* at 1188. Specifically, the Circuit directed "the district court should determine, in light of cases such as *TI Federal Credit Union*, *Marshall*, and *O'Connor*, what, if any, force should be accorded the stipulation." *Id.* The court now addresses that question, and, for reasons explained below, declines to enforce the parties' stipulation.

## II.     Legal Standard

"'[S]tipulations of attorneys made during a trial may not be disregarded or set aside at will.'" *TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir. 1995) (quoting *Marshall v. Emersons Ltd.*, 593 F.2d 565, 569 (4th Cir. 1979)). But, "'a stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties.'" *Id.* (quoting *Marshall*, 593 F.2d at 568). "[A] party may be relieved of a stipulation for good cause—which means, in a nutshell, that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 32 (1st Cir. 2007) (citation and internal quotations omitted). And, "[i]n principle, an intervening change of law might count as good cause." *Am. Honda Motor Co. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21 (1st Cir. 2002) (citing *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1215–16 (9th Cir. 1984)); *see also Illig v. United States*, 67 Fed. Cl. 47, 56 (2005).

While "parties to a lawsuit are free to stipulate to factual matters," they "may not stipulate to the legal conclusions to be reached by the court." *Saviano v. Comm'r of Internal Revenue*, 765 F.2d 643, 645 (7th Cir. 1985); *see also O'Connor v. City and Cty. of Denver*, 894

4

F.2d 1210, 1225–26 (10th Cir. 1990) ("'Parties may not stipulate the findings of fact upon which conclusions of law . . . are to be based.'" (quoting *Platt v. United States*, 163 F.2d 165, 168 (10th Cir. 1947))). So, "[r]elief from erroneous stipulations is especially favored where the mistake made concerns a legal conclusion." *TI Fed. Credit Union*, 72 F.3d at 928; *see also Saviano*, 765 F.2d at 645 (holding that, though parties could stipulate to factual elements for terms used in a loan agreement, the characterization of the transaction for tax purposes involved a conclusion of law). Ultimately, "the district court is vested with broad discretion in deciding whether to enforce [the] parties['] stipulation or not." *Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1116 (10th Cir. 2005).

**III. Analysis**

Defendant asserts that the court should decline to enforce the stipulation for four reasons: (1) whether plaintiffs exhausted their administrative remedies is a purely legal question; (2) defendant entered the stipulation for the purpose of "expedite[ing] the proceeding and with the limited purpose of resolving the motion to dismiss;" (3) defendant's focus was to dispose of claims before April 16, 2012, acknowledge plaintiffs' position on claims between April 16, 2012 and February 10, 2013, and "leave any claims that arose after February 10, 2013 for another day;" and (4) the intervening change in law on appeal creates an injustice if the stipulation is enforced. Doc. 104 at 8–10.[2]

In response, plaintiffs contend that the stipulation is unambiguous, and the court should enforce it. Plaintiffs also assert that the court must enforce the stipulation absent manifest injustice. While the parties make much of the stipulation's meaning, the Tenth Circuit had held that its meaning is plain: "the stipulation is best read as a waiver by BNSF of its exhaustion

---

[2] Defendant's brief asserts other arguments, but they do not address the stipulation issue. The court ignores these arguments for now, but defendant may reassert these arguments at a later date, if they remain relevant.

defense for all employment actions occurring on or after April 16, 2012." *Lincoln*, 900 F.3d at 1187. Thus, the first question the court must decide is whether to enforce defendant's waiver of its exhaustion defense for all employment actions on or after April 16, 2012.

### A. Whether a party has exhausted its administrative remedies is a legal question not subject to party stipulation.

In its motion, defendant contends that exhaustion of administrative remedies is "purely a legal question." Doc. 104 at 8. Plaintiffs' response tacitly concedes this proposition. Instead, plaintiffs assert, the stipulation is "unambiguous" and the court should enforce it. Doc. 107 at 11. Unambiguous or not, the court agrees with defendant that it is not bound to accept a stipulation about a legal conclusion.

The law governing this subject is straightforward. Parties may stipulate to facts, but they "may not stipulate to the legal conclusions to be reached by the court." *Saviano*, 765 F.2d at 645. Also, when a stipulation is made under controlling circumstances and the law since has changed, relief from a stipulation concerning a legal conclusion is "especially favored." *TI Fed. Credit Union*, 72 F.3d at 928. Here, the parties stipulated that "[p]laintiffs Lincoln and Mosbrucker have exhausted their administrative remedies for employment actions occurring on or after April 16, 2012." Doc. 13 ¶ 13. Whether a party has exhausted its administrative remedies is a matter of law for the court to decide. *See Saviano*, 765 F.2d at 645. By itself, this conclusion means that the court is not bound by the parties' stipulation. Out of caution, however, the court also decides whether good cause exists to grant relief from the stipulation.

### B. Good cause exists to grant relief from the stipulation.

Defendant asserts that enforcing the stipulation would "work a manifest injustice against [it]" because it agreed to the stipulation when exhaustion of administrative remedies was a jurisdictional requirement not subject to waiver. Doc. 112 at 8. And, defendant asserts, the

6

purpose of the stipulation was to expedite the work needed to resolve its Motion to Dismiss (Doc. 8). Plaintiffs argue enforcing the stipulation would not create injustice for defendant. Instead, plaintiffs contend failing to enforce the stipulation will prejudice plaintiffs because they relied on the stipulation to formulate their case. Doc. 107 at 16–17.

"[A] stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon on one of the contracting parties." *TI Fed. Credit Union*, 72 F.3d at 928. And "a party can be relieved of a stipulation for good cause" if relief does not "unfairly prejudice the opposing party or the interests of justice." *Chao*, 493 F.3d at 32. "In principle, an intervening change of law might count as good cause." *Am. Honda Motor Co., Inc.*, 314 F.3d at 21. And the court has wide discretion to decide whether to enforce a stipulation. *See Miller*, 396 F.3d at 1116.

Since the Tenth Circuit overturned prior precedent in this case, it has addressed again the law governing exhaustion of administrative remedies a second time. In *Smith v. Cheyenne Ret. Inv'rs, L.P.*, 904 F.3d 1159 (10th Cir. 2018), the Circuit concluded that the distinction between a jurisdictional requirement and an affirmative defense is, in general, immaterial. *Id.* at 1164. But *Smith* also recognized that characterizing exhaustion as a jurisdictional requirement or affirmative defense mattered if the defendant had waived the affirmative defense. *Id.* If it is a jurisdictional requirement, the court *must* dismiss for lack of subject matter jurisdiction. *Id.* If it is an affirmative defense, the court need not dismiss unless the defense is "properly presented for decision." *Id.*

Here, defendant has persuaded the court that this case's circumstances merit relief from the stipulation. When the parties entered the stipulation agreement, the law in the Tenth Circuit was clear: administrative exhaustion was a jurisdictional prerequisite. *See*, *e.g.*, *MacKenzie v.*

*City and Cty. of Denver*, 414 F.3d 1266, 1274 (2005) ("In the tenth circuit, a plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her . . . claim."). As such, the parties could not waive this jurisdictional requirement by stipulation. *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) ("[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation" (quoting *Basso v Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974))). But, since the parties made the stipulation, the Tenth Circuit reversed 40 years of precedent and held that exhaustion of administrative remedies is an affirmative defense. *Lincoln*, 900 F.3d at 1186. Now the law has changed. And defendant seeks relief from its stipulation because the law has changed. The court finds that this change in circumstances created good and sufficient cause to grant defendant relief from the parties' stipulation.

In declining to enforce the parties' stipulation, the court relies on the Tenth Circuit's finding that the stipulation's language is plain. It applied to all claims on or after April 16, 2012. Also, the court finds, relieving defendant of the stipulation will not impose unfair prejudice to plaintiffs. Plaintiffs may raise any arguments they have about the exhaustion defense at all appropriate stages of the proceedings. The court thus exercises its discretion and declines to enforce the parties' stipulation about plaintiffs' exhaustion of claims on or after April 16, 2012.

With this issue decided, the court plans to adopt a new scheduling order to prepare the case's other issues for decision. The court thus reestablishes the referral on all non-dispositive matters to United States Magistrate Judge Angel D. Mitchell. To that end, the court directs the parties, **no later than October 15, 2019**, to contact Courtroom Deputy Heather Tildes at ksd_mitchell_chambers@ksd.uscourts.gov to convene a scheduling conference under Fed. R. Civ. P. 16.

8

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant BNSF's Motion for Relief from Stipulation on Exhaustion of Administrative Remedies (Doc. 104) is granted.

**IT IS FURTHER ORDERED THAT** the parties must contact the chambers of United States Magistrate Judge Mitchell **no later than October 15, 2019**, to initiate case management for proceedings in this case.

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2019, at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**